[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12123
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00133-EAK-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL LOLO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2020)

Before WILSON, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Lolo appeals his 60-month above-guidelines sentence imposed for

cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B) and 2261(b), and making

interstate threats, in violation of 18 U.S.C. § 875(c).  On appeal, Lolo argues that his

sentence was procedurally unreasonable because the district court gave, as the primary reason for varying upward, Lolo's need for mental health treatment. The government agrees that the district court committed plain error in doing so. After careful review, we vacate and remand for resentencing.

We usually review sentences imposed by a district court for "reasonableness," which "merely asks whether the [] court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). However, if a party does not object to the procedural reasonableness of a sentence before the district court, we review for plain error. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it." United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004). The defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affects his substantial rights. Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904-05 (2018). When these three factors are met, we should exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1905.

An error is plain if controlling precedent from the Supreme Court or this Court establishes that an error occurred. United States v. Ramirez-Flores, 743 F.3d 816, 822 (11th Cir. 2014). An error affects substantial rights only if it is prejudicial, meaning that it must have affected the outcome of the district court proceedings.

2

United States v. Olano, 507 U.S. 725, 734 (1993).  The defendant must establish a reasonable probability of a different result, i.e., a probability sufficient to undermine confidence in the outcome.  United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005).  The defendant cannot show that his substantial rights have been affected if we would have to speculate as to the effect of an error on the result.  Id. at 1301.

The fourth prong of plain error review is to be applied on a case-specific and fact-intensive basis.  Puckett v. United States, 556 U.S. 129, 142 (2009).  However, the Supreme Court has said that the risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain guidelines error.  Rosales-Mireles, 138 S. Ct. at 1908.  This means that a failure to correct a plain guidelines error that affects a defendant's substantial rights will, in the ordinary case, seriously affect the fairness, integrity, and public reputation of judicial proceedings.  Id. at 1911.  A court's failure to consider the 18 U.S.C. § 3553(a) factors constitutes significant procedural error, as does a court's consideration of an improper factor.  Vandergrift, 754 F.3d at 1308.  We have held that a faulty sentencing enhancement ordinarily will satisfy the fourth plain-error prong, at least when the other three factors are met, and, as a remedy, have vacated the defendant's sentence and remanded for resentencing.  United States v. Bankston, 945 F.3d 1316, 1320 (11th Cir. 2019).

3

In Tapia v. United States, the Supreme Court instructed that federal courts may not consider a defendant's rehabilitative needs when imposing or lengthening a prison sentence. 564 U.S. 319, 328-29 (2011). We've applied this directive and held that a district court erred in considering a defendant's rehabilitative needs at sentencing. Vandergrift, 754 F.3d at 1310-11. However, we've also held that a defendant cannot show that his substantial rights were affected if his rehabilitative needs constituted only a minor subset of the district court's reasoning. United States v. Alberts, 859 F.3d 979, 986 (11th Cir. 2017). Accordingly, we've affirmed a sentence as procedurally reasonable where the sentencing transcript showed that rehabilitation was merely an ancillary concern. Id.

We note, at the outset, that we are not required to accept the government's concession of error when the law and record do not justify it. United States v. Linville, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000). Here, however, based on our own review of the record, we agree with the government that the district court committed plain error in sentencing Lolo. As the record reflects, the district court repeatedly considered rehabilitation throughout its sentencing decision, even beginning and ending its discussion with it. By doing so, the district court imposed a sentence in direct contravention of controlling precedent from both the Supreme Court and this Court, Tapia, 564 U.S. at 328-29; Vandergrift, 754 F.3d at 1310, and, therefore, committed plain error by imposing a procedurally unreasonable sentence.

4

Moreover, the error affected Lolo's substantial rights. Rather than constituting a mere ancillary concern, the record reveals that rehabilitation was the district court's <u>main</u> reason for varying upward. Lolo's mental health was the first thing the district court discussed in explaining its sentence, and it expressly referred to Lolo's rehabilitative needs as its starting point. The court continued to emphasize rehabilitation throughout its discussion, unprompted by either party, as it asked about steps for future treatment. And in its final remarks, the court mentioned a specific treatment facility as its first reason for recommending a place of imprisonment, again without prompting or a request by Lolo for such a recommendation. Thus, it is clear that rehabilitation was the primary, if not sole, reason the court imposed an above-guideline sentence, which was plain error.

Further, Lolo has shown that the error's effect on the result of the proceedings was real and not speculative. The district court expressly said that it would normally sentence on the low end of the guideline range but was varying upward so Lolo could get help. On this record, Lolo has established prejudice by showing a reasonable probability that his sentence would have been different absent the error. Finally, because the plain error was in the application of the guidelines -- resulting in an upward variance from the guideline range -- <u>and</u> affected Lolo's substantial rights, it sufficiently affected the fairness, integrity, and public reputation of Lolo's judicial

proceedings.  <u>Rosales-Mireles</u>, 138 S. Ct. at 1908; <u>Bankston</u>, 945 F.3d at 1320.

Thus, we exercise our discretion, vacate the judgment, and remand for resentencing.

**VACATED AND REMANDED.**